UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

KAREN CALL,

                Plaintiff,

      v.

ROUTH CRABTREE OLSEN, P.S.,
STEPHEN ROUTH, VALERIE I.
HOLDER, LAUREN DAVIDSON
HUMPHREYS, JANAYA L. CARTER,
JENNIFER RUSSELL,

                Defendants.

CASE NO. 13-5241 RJB

ORDER ON DEFENDANTS'
MOTION TO DISMISS PURSUANT
TO F.R.C.P. 12(B)(5) AND 12 (B)(6)

       This matter comes before the Court on Defendants' Motion to Dismiss Pursuant to

F.R.C.P. 12(b)(5) and 12(b)(6).  Dkt. 6.  The Court has considered the pleadings filed in support

of and in opposition to the motion and the file herein.

       On March 28, 2013, Plaintiff filed this case, pro se, asserting claims against Defendants

for violations of the Fair Debt Collections Practices Act, "15 U.S.C. § 1692" ("FDCPA"), the

Washington Fair Debt Collection Agency Act, "RCW 19.16.100" ("CAA") and the Washington

Consumer Protection Act, "RCW 19.86" ("CPA") in connection with property located at 4309

1 | Madrona Lane NW, Gig Harbor, Washington 98335.  Dkt. 1.  Plaintiff seeks damages and

2 | injunctive relief.  *Id*.

3 |       Defendants, including RCO Legal, P.S. (erroneously named as Routh Crabtree Olsen

4 | P.S.) ("RCO"), and the individually named Defendants who are employees of RCO, now move

5 | for dismissal of the Complaint pursuant to Fed. R. Civ. P. 12(b)(6), asserting that the Complaint

6 | fails to state a plausible claim of relief.  Dkt. 6.  Defendants argue that as a law firm retained by a

7 | bank (which purchased the property at a foreclosure sale) to first give the tenants of the property

8 | a notice to vacate and then, if they fail to vacate, to file a suit for unlawful detainer, they are not

9 | "debt collectors" under the statutes at issue here.  Defendants further argue that the Complaint

10 | should be dismissed under 12(b)(5) for insufficient service of process because Plaintiff attempted

11 | to effect service on them by mailing them a copy of the Summons and Complaint via U.S. mail.

12 | *Id.*  For the reasons stated below, the motion to dismiss should be granted.

## I.  FACTS AND PENDING MOTION

14 |     In reviewing a motion to dismiss for failure to state a claim, the court is generally limited to

15 | review of "the face of the complaint, materials incorporated into the complaint by reference,"

16 | and matters of which judicial notice may be taken.  *In re Rigel Pharmaceuticals, Inc. Securities*

17 | *Litigation*, 697 F.3d 869, 876 (9th Cir. 2012).  "A court may take judicial notice of matters of

18 | public record without converting a motion to dismiss into a motion for summary judgment, as

19 | long as the facts noticed are not subject to reasonable dispute."  *Id.*  (*internal quotations*

20 | *omitted*).

21 | **A.  FACTS**

22 |     On June 10, 2010, Deutsche Bank Trust Company Americas as Trustee for RALI (Series)

23 | 2006QA7 ("Deutsche Bank Trust") was granted title to the real property situated at 4309

24 |

1   Madrona Lane Northwest, Gig Harbor, WA 98335 through a Trustee's Deed.  Dkt. 6-1, at 1-3;

2   Also found at https://armsweb.co.pierce.wa.us/RealEstate/SearchEntry.aspx under instrument

3   number 201006110397.   The Trustee's Deed was recorded with the Pierce County Washington

4   Auditor's office on June 11, 2010 and the Court will take judicial notice of this document which

5   is in the public records.  *Id.*  The Trustee's Deed indicates that it was made pursuant to powers

6   conveyed in a Deed of Trust given by Rodney J. Gibson and Lisa K. Gibson on July 5, 2006.  *Id.*

7       The Complaint alleges that on May 4, 2012, "an eviction notice from RCO was tacked onto

8   Plaintiff's house demanding eviction in 14 days."  Dkt. 1, at 3.  The Complaint asserts that RCO

9   claimed to represent "alleged creditor" Deutsche Bank Trust "demanding payment from some

10  unknown account."  *Id.,* at 4.  This Notice to Vacate, attached to the Motion to Dismiss by

11  Defendants, is addressed to "all Tenants of Rodney J. Gibson" and concerns property at 4309

12  Madrona Lane Northwest, in Gig Harbor, Washington 98335.  Dkt. 6-2, at 1-3.  The Notice to

13  Vacate informs "tenants or subtenants" that they must vacate the property within a set period of

14  time (60 days, 90 days, etc.), depending on when they entered into their rental agreement.  *Id.*

15      Plaintiff maintains in her Complaint that she has "no contractual obligation to pay

16  Defendants."  *Id.*  Plaintiff claims in her Complaint that she sent Defendants three "Demand[s]

17  for Proof of Claim and a Notice of Dispute."  *Id.*  In the first, dated May 21, 2012, which is

18  attached to the Complaint, Plaintiff claims to be the "authorized secured party creditor" and is

19  "authorized to act full in all financial matters regarding this property."  *Id.*, at 13.  She demands

20  to see a copy of the original mortgage note, deed of trust, or contract and an assignment from the

21  alleged creditor, a copy of the Defendants' bond and license to practice law, among other items.

22  *Id.*  Attached to the Complaint is another letter Plaintiff purportedly sent to Defendants on

23  August 7, 2012.  *Id.*, at 15.  She again demands a "verified copy of the original mortgage

24

1   note/deed of trust/contract," and verification of assignment from the alleged creditor.  *Id.*  She

2   asserts that Defendants' correspondence back to her, dated August 16, 2012, stated that "they

3   were not obligated to respond."  *Id.*  That August 16, 2012 letter is also attached to her

4   Complaint.  *Id.*  In this attached letter, Defendants state that they represent Deutsche Bank Trust

5   and that "on June 4, 2010, a foreclosure sale was conducted in accordance with RCW 61.24 *et.*

6   *seq*."  Dkt. 1, at 17.  The letter further states that to the extent that her letter of August 7, 2012, is

7   a "request for admissions and productions, [their] office is not responding because the request

8   does not comply with Court Rules 33 through 36."  *Id.*

9       Plaintiff also attaches a letter she sent to the Defendants, dated August 21, 2012, entitled

10   "Notice of Intent to Sue."  *Id.,* at 18.  In this letter, Plaintiff demands settlement for violations of

11   federal and state law.  *Id.*

12       On September 11, 2012, Deutsche Bank Trust filed an unlawful detainer action against

13   Plaintiff (and all other occupants of the property) in Pierce County Washington Superior Court.

14   Dkt. 6-3, at 1-16.  Defendants are the attorneys and law firm that represent Deutsche Bank Trust

15   in that case.  *Id.*  In the unlawful detainer action, Deutsche Bank Trust seeks restitution of the

16   premises, fair rental value of the property until vacancy in an amount set by the Court, and

17   attorneys' fees and costs in the event the action is contested.  *Id.*, at 7.

18       In Plaintiff's Complaint here, she asserts that Defendants continued to attempt to collect a

19   debt, without showing that they "had the right to collect on behalf of alleged creditor" or that

20   Deutsche Bank Trust owned "the note."  Dkt. 1, at 4-5.  She maintains that Defendants further

21   violated federal and state law by continuing to attempt to collect a disputed debt prior to

22   validation by: 1) filing a suit in the Superior Court of the State of Washington against her, and 2)

23   "appearing at a pre-trial to evict."  *Id.,* at 5.

24

ORDER ON DEFENDANTS' MOTION TO
DISMISS PURSUANT TO F.R.C.P. 12(B)(5) AND
12 (B)(6)- 4

**B. PENDING MOTION**

In their Motion to Dismiss, Defendants argue that Plaintiff's Complaint should be dismissed pursuant to Fed. R. Civ. P. 12(b)(5) for insufficient service of process. Dkt. 6. Defendants argue that, pursuant to Fed. R. Civ. P. 12(b)(6), Plaintiff's FDCPA claim should be dismissed with prejudice and without leave to amend because Defendants are not "debt collectors" and their actions do not constitute "debt collection." *Id.* Defendants argue that Plaintiff's state law claim under CAA should be dismissed with prejudice and without leave to amend because attorneys are exempt from the definition of "debt collector." *Id.* Lastly, Defendants argue that Plaintiff's state law claim under the CPA should be dismissed because she has not alleged any facts to support her claim. *Id.*

## II.   DISCUSSION

**A. MOTION TO DISMISS FOR INSUFFICIENT SERVICE OF PROCESS**

"Rule 4 of the Federal Rules of Civil Procedure governs the commencement of an action and the service of process." *Employee Painters' Trust v. Ethan Enterprises, Inc*., 480 F.3d 993, 999 (9th Cir. 2007). Fed. R. Civ. P. 4(h)(e) provides that an individual may be served by:

> (1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
> (2) doing any of the following:
>> (A) delivering a copy of the summons and of the complaint to the individual personally;
>> (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
>> (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Under Washington law, service of process is to be made to the defendant personally, or "by leaving a copy of the summons at the house of his or her usual abode with some person of

ORDER ON DEFENDANTS' MOTION TO
DISMISS PURSUANT TO F.R.C.P. 12(B)(5) AND
12 (B)(6)- 5

1   suitable age and discretion then resident therein." RCW 4.28.080(15).  Washington law further

2   provides that:

> (16) In lieu of service under subsection (15) of this section, where the person
> cannot with reasonable diligence be served as described, the summons may be
> served as provided in this subsection, and shall be deemed complete on the tenth
> day after the required mailing: By leaving a copy at his or her usual mailing
> address with a person of suitable age and discretion who is a resident, proprietor,
> or agent thereof, and by thereafter mailing a copy by first-class mail, postage
> prepaid, to the person to be served at his or her usual mailing address. For the
> purposes of this subsection, "usual mailing address" does not include a United
> States postal service post office box or the person's place of employment.

8   RCW 4.28.080(16).  Further, under Fed. R. Civ. P. 4(h)(1), "unless federal law provides

9   otherwise, a domestic or foreign corporation, or a partnership or other unincorporated association

10  that is subject to suit under a common name," and is in a judicial district of the United States

11  must be served:

> (A) in the manner prescribed by Rule 4(e)(1) for serving an individual; or
> (B) by delivering a copy of the summons and of the complaint to an officer, a
> managing or general agent, or any other agent authorized by appointment or by
> law to receive service of process and--if the agent is one authorized by statute and
> the statute so requires--by also mailing a copy of each to the defendant;  . . .

15  Once service is challenged, Plaintiff bears the burden of establishing that service was valid.

16  *Brockmeyer v. May,* 383 F.3d 798 (9th Cir. 2004).

17          Defendants' Motion to Dismiss for insufficient service of process (Dkt. 6) should be

18  granted.  Plaintiff has failed to show that she complied with the Fed. R. Civ. P. 4 as to either the

19  individual Defendants or the business entity.  The summons and complaint were sent to the RCO

20  offices by U.S. mail and by facsimile transmission.  Plaintiff's Complaint should be dismissed

21  without prejudice on these grounds, although should be dismissed with prejudice on other

22  grounds as stated below.

23      **B.  STANDARD FOR MOTION TO DISMISS FOR FAILURE TO STATE A
        CLAIM**

24

Fed. R. Civ. P. 12(b)(6) motions to dismiss may be based on either the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Department*, 901 F.2d 696, 699 (9th Cir. 1990). Material allegations are taken as admitted and the complaint is construed in the plaintiff's favor. *Keniston v. Roberts*, 717 F.2d 1295 (9th Cir. 1983). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964-65 (2007)(internal citations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id*. at 1965. Plaintiffs must allege "enough facts to state a claim to relief that is plausible on its face." *Id*. at 1974.

## C.  FEDERAL LAW CLAIM – FDCPA

The FDCPA applies to "debt collectors" as defined under the act. 15 U.S.C. § 1692a(6). To be held liable for violation of the FDCPA, a defendant must fall within the Act's definition of "debt collector." *Izenberg v. ETS Services, LLC*, 589 F.Supp.2d 1193, 1198 (C.D.Cal.2008) (citing *Heintz v. Jenkins*, 514 U.S. 291, 294 (1995)). A "debt collector" is "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." 15 U.S.C. § 1692a(6). The FDCPA defines "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the

1    subject of the transaction are primarily for personal, family, or household purposes." 15 U.S.C.

2    § 1692a(5).

3          Plaintiff fails to show that Defendants' actions constitute an attempt to collect a "debt"

4    under the FDCPA.  Defendants are lawyers and a law firm that represent Deutsche Bank Trust in

5    its unlawful detainer action, brought under RCW 59.12, against Plaintiff.  The unlawful detainer

6    action was instituted after Deutsche Bank Trust acquired the property in a foreclosure sale and

7    Plaintiff was given a notice to vacate pursuant to Washington law, RCW 61.24.146.  RCW

8    61.24.146(1) provides that:

9          A tenant or subtenant in possession of a residential real property at the time the
           property is sold in foreclosure must be given sixty days' written notice to vacate
10         before the tenant or subtenant may be removed from the property as prescribed in
           chapter 59.12 RCW. Notwithstanding the notice requirement in this subsection, a
11         tenant may be evicted for waste or nuisance in an unlawful detainer action under
           chapter 59.12 RCW.
12
13   Under Washington law, an unlawful detainer action is "a narrow one, limited to the question of

     possession and related issues such as restitution of the premises and rent." *Munden v.*
14
     *Hazzelrigg,* 105 Wash.2d 39 (1985).  The unlawful detainer action here is one that was instituted
15
     to gain possession of the property, not to collect a "debt" as defined under the FDCPA.  It was
16
     not to collect on "any obligation or alleged obligation of a consumer to pay money arising out of
17
     a **transaction** in which the money, property, insurance, or services which are the subject of the
18
     transaction are primarily for personal, family, or household purposes."  15 U.S.C. §
19
20   1692a(5)(emphasis added).  Plaintiff has failed to allege that she, Defendants, or Defendants'

21   client Deutsche Bank Trust, ever entered into a "transaction."  Plaintiff has failed state a

22   plausible claim for relief because the allegations she makes against Defendants to not establish

23   that they are attempting to collect a "debt" as is defined under the FDCPA.

24

**D.  STATE LAW CLAIM – CAA**

Washington's CAA regulates the collection of "any obligation for the payment of money or thing of value arising out of any agreement or contract, express or implied."  *Stephens v. Omni Ins. Co.*, 138 Wash.App. 151, 171-172 (Wash.App. Div. 1,2007).  Under the CAA "collection agency" is: "[a]ny person directly or indirectly engaged in soliciting claims for collection, or collecting or attempting to collect claims owed or due or asserted to be owed or due another person."  RCW 19.16.100(2).  CAA definition of "collection agency" excludes:

> Any person whose collection activities are carried on in his, her, or its true name and are confined and are directly related to the operation of a business other than that of a collection agency, such as but not limited to: Trust companies; savings and loan associations; . . . abstract companies doing an escrow business; . . . ., persons acting under court order; **lawyers**; insurance companies; credit unions; loan or finance companies; mortgage banks; and banks;

RCW 19.16.100(3)(c)(*emphasis added*).  Defendants are explicitly excluded from the definition of "collection agency" under the CAA.  Plaintiff has not stated a claim under the CAA which would plausibly entitle her to relief.  Her CAA claim should be dismissed.

**E.  STATE LAW CLAIM – CPA**

Washington's Consumer Protection Act prohibits "unfair or deceptive acts or practices in the conduct of any trade or commerce."  RCW 19.86.020.  A Plaintiff must prove five elements to state a claim for a violation of the CPA:  (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation.  *Hangman Ridge Training Stables v. Safeco Title Ins. Co*., 105 Wash.2d 778, 780 (1986).

Plaintiff's CPA claim should also be dismissed.  First, Plaintiff has failed to allege any action by Defendants that amounts to an "unfair or deceptive act."

1   As to the second element, the term "trade" as used in the CPA "includes only the

2   entrepreneurial or commercial aspects of professional services, not the substantive quality of

3   services provided." *Michael v. Mosquera-Lacy*, 165 Wash.2d 595, 602-603 (2009).  "In a legal

4   practice entrepreneurial aspects include how the price of legal services is determined, billed, and

5   collected and the way a law firm obtains, retains, and dismisses clients." *Id.,* at 603 (*internal*

6   *quotation omitted*).  "Claims directed at the competence of and strategies employed by a

7   professional amount to allegations of negligence and are exempt from the Consumer Protection

8   Act." *Id.*  Plaintiff makes no allegations regarding "the entrepreneurial aspects of the practice of

9   law" that fall within the "trade or commerce" definition of the CPA.

10          As to the remaining CPA elements, Plaintiff has failed to allege an actionable "public

11   interest impact" or that she suffered an injury which was caused by Defendants' violation of the

12   act.  Plaintiff's CPA claim should be dismissed.

13   **F.  LEAVE TO AMEND**

14      Moreover, dismissal should be with prejudice and without leave to amend.  In assessing

15   whether a case should be dismissed with prejudice and without leave to amend, five factors

16   should be considered: "(1) bad faith; (2) undue delay; (3) prejudice to the opposing party; (4)

17   futility of amendment; and (5) whether the plaintiff has previously amended his complaint."

18   *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004)(*citing  Bonin v. Calderon*, 59 F.3d 815, 845

19   (9th Cir.1995)).  "Futility alone can justify the denial of a motion for leave to amend." *Id*.

20          Amendment in this case would be futile.  Plaintiff has failed to articulate any viable legal

21   theories which would constitute a claim for relief against Defendants under federal law.  Plaintiff

22   has also failed to establish that her Washington law claims under the CPA or CAA are plausible.

23   Accordingly, her case should be dismissed with prejudice and without leave to amend.

24

1

**III.    ORDER**

2

Therefore, it is hereby **ORDERED** that:

3

•   Defendants' Motion to Dismiss Pursuant to F.R.C.P. 12(b)(5) and 12(b)(6) (Dkt.

4

6) **IS GRANTED**;

5

•   This case **IS DISMISSED**.

6

The Clerk is directed to send uncertified copies of this Order to all counsel of record and

7

to any party appearing *pro se* at said party's last known address.

8

Dated this 18th day of July, 2013.

9

10

ROBERT J. BRYAN
United States District Judge

11

12

13

14

15

16

17

18

19

20

21

22

23

24

ORDER ON DEFENDANTS' MOTION TO
DISMISS PURSUANT TO F.R.C.P. 12(B)(5) AND
12 (B)(6)- 11